RACHEL J. KAMANDA
6537 Messina Pl
Rancho Cucamonga California 91701

Tel (909) 740-4029    rachelkamanda@yahoo.com
Fax 909 483 5456
Rachel J. Kamanda, Plaintiff In Pro Per

FILED
2013 FEB -6  AM 10: 24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION - RIVERSIDE COURTHOUSE

RACHEL J. KAMANDA

Plaintiff,

vs.

**GC SERVICES LIMITED PARTNERSHIP, and Does 1 through 100, inclusive**

Defendants.

CASE No. ED CV 13 00231 JGB (DTBx)

VERIFIED COMPLAINT FOR DAMAGES FOR:

VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692 et seq. ("FDCPA")

DEMAND FOR JURY TRIAL

Judge:
Complaint Filed:
Trial Date:

COMES NOW the Plaintiff, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA[1]"), out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

FEE PAID



## PARTIES

1. Plaintiff is a natural person who is a resident of California.

2. Defendant **GC SERVICES LIMITED PARTNERSHIP**, ("Defendant" or "GC Services") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in California. Its principal place of business is the State of Texas and it is incorporated in Texas.

3. Plaintiff is a consumer as defined by the FDCPA as Defendant has alleged by its collection activities that Plaintiff owes Defendant money.

4. The debt is allegedly a student loan owed by Plaintiff related to American Education Services.

5. Defendant made a large number of harassing and repeated phone calls to Plaintiff.

6. Defendant GC Services has called Plaintiff's cell phone multiple times.

7. Defendant GC Services has called Plaintiff's work phone multiple times.

8. Plaintiff has attempted to understand what this debt is for and have requested of Defendant GC Services to verify the debt and the amount allegedly owing but the companies involved have refused to provide Plaintiff with information regarding this debt and the amount owing and have the companies have calculated the amount owing.

9. Plaintiff has contacted GC Services and has been told that GC Services will provide Plaintiff with a copy of the original contract signed by Plaintiff but to this date Defendant GC Services has failed and refused to provide Plaintiff with a copy of the original contract signed by Plaintiff to verify the obligation related to this alleged debt.

10. Plaintiff has repeatedly requested that GC Services provide her with proof that this debt is owed but Defendant GC Services has refused.

11. GC Services has repeatedly insisted that Plaintiff pay this debt in the amount of $104,833.38.

12. Defendant GC Services has engaged in conduct the natural consequence of which is to annoy, harass, oppress, or abuse Plaintiff.

13. Defendant GC Services has refused to provide all required disclosures when making calls and in sending letters, including the failure to send the required 15 U.S.C. §1692g letter verifying this alleged obligation in the amount of $104,833.38.

14. Defendant GC Services has engaged in abusive debt collection practices against Plaintiff, including the use of harassment, deception, oppression and has caused a wage garnishment resulting in Plaintiff's employer withholding Plaintiff's net pay equal to 25% and as such Plaintiff will now be forced to seek relief under Chapter 7 of the Bankruptcy code for a debt which she do not owe in the amount of $104,833.38.

15. Some examples of the abusive conduct of Defendant GC Services are listed below.

## FACTUAL ALLEGATIONS

16. Defendant GC Services Refuses to Provide Proof of the Debt.

17. Defendant GC Services verbally disclosed to Plaintiff that the amount owing under the student loan obligation is in the sum of $104,833.38 but when asked by Plaintiff to verify the obligation Defendant GC Services has failed and refused to verify the amount owing even after Plaintiff has routinely informed Defendant GC Services that the original amount of the student loan was for no more than $32,000.00.

18. Defendant GC Services contacted a third party, Gregory Stewart and has informed Gregory Stewart that the amount owing under the student loan is in the amount of $104,833.38.

19. Toward the end of November 2012, Defendant GC Services garnished Plaintiff's employment income resulting in financial harm to Plaintiff without verifying the obligation with American Education Services.

20. When Plaintiff asked for a copy of the original contract entered into with American Education Services she was informed by Defendant GC Services that GC Services would fax and mail a copy of the original contract entered into with American Education Services, notwithstanding, Defendant GC Services has failed and refused to provide Plaintiff with a copy of the original contract as promised.

21. Plaintiff has repeatedly requested that Defendant GC Services provide proof that this debt is owed in the amount of $104,833.38.

22. Plaintiff believes that this debt is in the amount of no more than $32.000.00.

23. Plaintiff has told Defendant GC Services that she does not believe that she owes the amount of $104,833.38 to Defendant GC Services or to American Education Services.

24. Defendant GC Services has told Plaintiff that it will provide proof of the debt.

25. Defendant GC Services has refused to provide proof of this alleged debt.

26. Plaintiff has reminded Defendant GC Services that even though GC Services has promised to provide proof of this alleged debt, GC Services has refused to do so.

27. Defendant GC Services's response has been to call third parties, violate the FDCPA, violate the TCPA, and to violate California state law.

28. Defendant GC Services has misrepresented the character, amount, and/or legal status of the alleged debt as if it was owed as claimed by GC Services, it would have provided proof.

29. Defendant GC Services Harasses Plaintiff at Work.

30. Regardless of whether this claim of Defendant GC Services in the amount of 104,833.38 is true or not, the purpose and design and impact of Defendant GC Services's actions is clear: to use any means necessary to force Plaintiff into paying a debt that Plaintiff does not know is even owed in the amount of $104,833.38.

31. These activities are illegal.

## SUMMARY

32. All of the above-described collection acts and communications made to Plaintiff by Defendant and collection agents of Defendant was made in violation of the FDCPA.

33. The Defendant violated numerous sections of the FDCPA, including, but not limited to: 15 U.S.C. §§1692b(1), 1692b(2), 1692c, 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692d(2), 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

///

34. The collection calls by Defendant and its agents caused Plaintiff enormous stress and anguish as a result of these calls.

35. Defendant's wrongful garnishment of Plaintiff's wages caused Plaintiff enormous stress and anguish in violation of California state law.

36. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

37. This series of abusive collection activity by Defendant and its agents caused Plaintiff stress and anguish as a result of these abusive collection activity.

38. Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law and to place a wage garnishment on Plaintiff's wages was an invasion of Plaintiff's rights and Plaintiff's right to have the alleged debt to be verified.

39. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused Plaintiff unnecessary distress.

40. Plaintiff has suffered actual damages as a result of these illegal collection activities by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, and loss of money which was due to the illegal conduct of Defendant.

## RESPONDEAT SUPERIOR LIABILITY

41. The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

42. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

///

43. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

44. Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and California tort law, in their attempts to collect this debt from Plaintiff.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

45. Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The Plaintiff meets the definition of a "consumer" under 15 U.S.C. § 1692a(3).

48. The alleged debt which relates to a student loan meets the definition of a "debt" as defined by 15 U.S.C. § 1692a(5).

49. Defendant GC Services meets the definition of a "debt collector" as defined by 15 U.S.C. § 1692a(6).

50. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including but not limited to: 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c, 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692d(2), 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

///

51. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

52. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

53. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT III

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

54. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

55. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

56. Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

57. It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

58. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

59. Defendant invaded the privacy of Plaintiff as set forth in California law.

60. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

61.     As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for statutory, actual, nominal, and punitive damages along with costs, expenses and attorney fees and all other relief to which Plaintiff is entitled to:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

1. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and

4. for such other and further relief as may be just and proper.

## COUNT II.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

5. for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

6. punitive damages; and

7. for such other and further relief as may be just and proper.

## COUNT III

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

8. for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

9. punitive damages; and

| | |
|---|---|
| 1 | 10. for such other and further relief as may be just and proper. |
| 2 | Respectfully Submitted, |
| 3 | Dated: January 24, 2013 |

*[signature: Rachel Kamanda]*
RACHEL J. KAMANDA
Plaintiff

## VERIFICATION

I verify under penalty of perjury that the facts alleged in the foregoing complaint are true and correct to the best of my information, knowledge and/or belief.

Dated: January 24, 2013

Respectfully Submitted,

*[signature: Rachel Kamanda]*
RACHEL J. KAMANDA
Plaintiff

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)
RACHEL J. KAMANDA

SAN BERNARDINO COUNTY

**DEFENDANTS**
GC SERVICES LIMITED PARTNERSHIP and Does 1 through 100, inclusive

TEXAS

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Rachel J. Kamanda           Telephone (909) 740-4029
6537 Messina Pl.
Rancho Cucamonga California 91701   rachelkamanda@yahoo.com

Attorneys (If Known)
Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- G 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- G 2 U.S. Government Defendant
- G 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | G 1 | Incorporated or Principal Place of Business in this State | ☒4 | G 4 |
| Citizen of Another State | G 2 | ☒2 | Incorporated and Principal Place of Business in Another State | G 5 | ☒5 |
| Citizen or Subject of a Foreign Country | G 3 | G 3 | Foreign Nation | G 6 | G 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- G 2 Removed from State Court
- G 3 Remanded from Appellate Court
- G 4 Reinstated or Reopened
- G 5 Transferred from another district (specify):
- G 6 Multi-District Litigation
- G 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   G No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** G Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 72,833.38

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692 et seq. ("FDCPA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| G 400 State Reapportionment | G 110 Insurance | G 310 Airplane | G 370 Other Fraud | G 510 Motions to Vacate Sentence Habeas Corpus | G 710 Fair Labor Standards Act |
| G 410 Antitrust | G 120 Marine | G 315 Airplane Product Liability | G 371 Truth in Lending | | G 720 Labor/Mgmt. Relations |
| G 430 Banks and Banking | G 130 Miller Act | G 320 Assault, Libel & Slander | G 380 Other Personal Property Damage | G 530 General | G 730 Labor/Mgmt. Reporting & Disclosure Act |
| G 450 Commerce/ICC Rates/etc. | G 140 Negotiable Instrument | | | G 535 Death Penalty | |
| G 460 Deportation | G 150 Recovery of Overpayment & Enforcement of Judgment | G 330 Fed. Employers' Liability | G 385 Property Damage Product Liability | G 540 Mandamus/ Other | G 740 Railway Labor Act |
| G 470 Racketeer Influenced and Corrupt Organizations | | G 340 Marine | **BANKRUPTCY** | G 550 Civil Rights | G 790 Other Labor Litigation |
| | G 151 Medicare Act | G 345 Marine Product Liability | G 422 Appeal 28 USC 158 | G 555 Prison Condition | G 791 Empl. Ret. Inc. Security Act |
| G 480 Consumer Credit | ☒ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | G 350 Motor Vehicle | G 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| G 490 Cable/Sat TV | | G 355 Motor Vehicle Product Liability | | G 610 Agriculture | |
| G 810 Selective Service | | | **CIVIL RIGHTS** | G 620 Other Food & Drug | G 820 Copyrights |
| G 850 Securities/Commodities/ Exchange | G 153 Recovery of Overpayment of Veteran's Benefits | G 360 Other Personal Injury | G 441 Voting | | G 830 Patent |
| G 875 Customer Challenge 12 USC 3410 | G 160 Stockholders' Suits | G 362 Personal Injury-Med Malpractice | G 442 Employment | G 625 Drug Related Seizure of Property 21 USC 881 | G 840 Trademark |
| G 890 Other Statutory Actions | G 190 Other Contract | | G 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| G 891 Agricultural Act | G 195 Contract Product Liability | G 365 Personal Injury-Product Liability | G 444 Welfare | G 630 Liquor Laws | G 861 HIA (1395ff) |
| G 892 Economic Stabilization Act | G 196 Franchise | G 368 Asbestos Personal Injury Product Liability | G 445 American with Disabilities - Employment | G 640 R.R. & Truck | G 862 Black Lung (923) |
| G 893 Environmental Matters | **REAL PROPERTY** | | | G 650 Airline Regs | G 863 DIWC/DIWW (405(g)) |
| G 894 Energy Allocation Act | G 210 Land Condemnation | | | | G 864 SSID Title XVI |
| G 895 Freedom of Info. Act | G 220 Foreclosure | **IMMIGRATION** | G 446 American with Disabilities - Other | G 660 Occupational Safety /Health | G 865 RSI (405(g)) |
| G 900 Appeal of Fee Determination Under Equal Access to Justice | G 230 Rent Lease & Ejectment | G 462 Naturalization Application | | G 690 Other | **FEDERAL TAX SUITS** |
| | G 240 Torts to Land | G 463 Habeas Corpus-Alien Detainee | G 440 Other Civil Rights | | G 870 Taxes (U.S. Plaintiff or Defendant) |
| | G 245 Tort Product Liability | | | | G 871 IRS-Third Party 26 USC 7609 |
| G 950 Constitutionality of State Statutes | G 290 All Other Real Property | G 465 Other Immigration Actions | | | |

**ED CV 13 - 00231   JGB   (DTBx)**

**FOR OFFICE USE ONLY:**   Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                            CIVIL COVER SHEET            FEB - 6 2013              Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ranchel J. Kamanda resides in SAN BERNARDINO COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Houston, TX 77081 |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Rachel Kamanda*   Date 01-29-13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

```
EDCV13- 231 JGB (DTBx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

RANCHEL V. KAMANDA

_____
Plaintiff
v.

GC SERVICES LIMITED PARTNERSHIP
_____
Defendant
and does 1 through 10, inclusive

Civil Action No.  ED CV 13 - 00231 JGB (DTBx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* GC SERVICES LIMITED PARTNERSHIP

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Ranchel J. Kamanda
6537 Messina Pl.
Rancho Cucamonga California 91701

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI
CLERK OF COURT

L. MURRAY

Date: FEB - 6 2013

_____
Signature of Clerk or Deputy Clerk

[FOR OFFICE USE ONLY stamps across page]

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                            *Server's signature*

                            _____
                            *Printed name and title*

                            _____
                            *Server's address*

Additional information regarding attempted service, etc: